# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01915-SCT

*FRANK BEASLEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/2000 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEVIN DALE CAMP |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | APPEAL DISMISSED - 09/27/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/18/2001 |

**BEFORE BANKS, P.J., MILLS AND EASLEY, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Frank Beasley brings this direct appeal from an order issued by the Hinds County Circuit Court revoking Beasley's probation and suspended sentence imposed on January 27, 1999.

## FACTS

¶2. Frank Beasley was indicted for the rape of a child under fourteen years of age. On January 27, 1999, he entered a voluntary guilty plea to sexual battery. He was sentenced to serve ten years in the custody of the Mississippi Department of Corrections with seven years suspended and two years of supervised probation. Beasley began his two years of supervised probation on January 7, 2000.

¶3. A warrant was issued on August 16, 2000, charging Beasley with a violation of the conditions of his probation. Specifically, he was charged with stalking, making obscene and threatening phone calls, and failing to re-register with the Department of Public Safety as a sex offender.

¶4. On October 6, 2000, a probation revocation hearing was held in the Hinds County Circuit Court. Judge L. Breland Hilburn issued an order revoking Beasley's probation and suspended sentence. Beasley was ordered to serve the two years originally imposed as supervised probation. He filed a notice of appeal on November 6, 2000.

## DISCUSSION

¶5. The State moves to dismiss this appeal on the grounds that an order revoking probation and suspended

sentence is not appealable. The State is correct. We grant the State's motion and dismiss this appeal without prejudice.

¶6. In *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980), we stated that "[a]n order revoking a suspension of sentence or revoking probation is not appealable." *Id.* (quoting *Pipkin v. State*, 292 So. 2d 181, 182 (Miss. 1974)). In *Pipkin,* we had further stated the following:

> This Court is reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal; however, the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved.

*Pipkin*, 292 So. 2d at 182.

¶7. Beasley is not without a remedy. He may pursue his claims under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29 (2000 & Supp. 2001). Miss. Code Ann. § 99-39-5(1) (Supp. 2001) states in pertinent part as follows:

> (1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:
>
> * * *
>
> (g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
>
> * * *
>
> may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.

¶8. That is the proper course of action for Beasley to pursue. We find Beasley's appeal should be dismissed.

## CONCLUSION

¶9. Beasley's appeal is dismissed without prejudice because an order revoking probation and suspension of sentence is not appealable.

¶10. **APPEAL DISMISSED.**

> **PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**