IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60587
Summary Calendar
_____

KELVIN CROWELL,

Petitioner-Appellant,

versus

STATE OF MISSISSIPPI; ROBERT L. JOHNSON,
COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CV-48-LN
--------------------
July 30, 2002

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Kelvin Crowell, Mississippi prisoner # T2165, appeals the

district court's dismissal of his 28 U.S.C. § 2254 petition as

time barred, pursuant to 28 U.S.C. § 2244(d).  A certificate of

appealability (COA) was granted on two issues, whether the

district court was correct (1) in determining that the state

court judgment revoking Crowell's probation and imposing sentence

became final under 28 U.S.C. § 2244(d)(1) on the date it was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

issued and (2) in determining that tolling ceased under 28 U.S.C. § 2244(d)(2) when the state appellate court rendered its decision as to Crowell's state postconviction application.

Crowell asserts that the probation-revocation judgment did not become final under § 2244(d)(1)(A) until November 28, 2000, the date the Mississippi Court of Appeals affirmed the denial of postconviction relief, or until the expiration of the 30 days to seek review of that decision under MISS. R. APP. P. 4(a). Under 28 U.S.C. § 2244(d)(1), the one-year limitations period for filing a federal habeas petition begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mississippi law does not provide for direct review of an order revoking probation and suspension of sentence; it provides only for collateral review of such a judgment. Beasley v. State, 795 So.2d 539, 540 (Miss. 2001); MISS. CODE ANN. §§ 99-39-1 et seq. Thus, the district court did not err in determining that the probation-revocation judgment was "final" for purposes of 28 U.S.C. § 2244(d)(1) on the date it is imposed because there is no provision for direct review of that judgment.

Crowell argues that pursuant to § 2244(d)(2), the limitations period should have been tolled while his state postconviction application was pending, including the entire period allotted for timely state appellate review of the

disposition of that application. The district court held that the limitations period was tolled while Crowell's state postconviction application was pending, from its filing on August 18, 1999, through the appellate court's affirmance of the trial court's denial on November 28, 2000. There is no indication in the record that Crowell sought further review of the Court of Appeals' decision affirming the denial of his state postconviction application.

Crowell did not assert in the district court that the limitations period should have been tolled during the time he could have sought (but did not seek) further review of the appellate court's decision until the time for seeking such review expired. Accordingly, this issue is reviewed under the plain error standard. See Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

Although this court has stated in dicta that a state postconviction application is no longer pending when the state limitations period for seeking further review has expired, see Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001), this court has not so held. See Williams v. Cain, 217 F.3d 303, 311 n.9 (5th Cir. 2000) (declining to address the issue). Accordingly, the district court did not commit plain error by not tolling the limitations period during any time Crowell could have filed for further review (but did not).

Moreover, even if the period during which Crowell could have sought further appellate review is considered, we would still find his federal petition untimely. Crowell argues that he had 30 days to seek review of the decision of the Mississippi Court of Appeals under MISS. R. APP. P. 4(a). This rule is inapplicable since it applies to appeals from the trial court to the Mississippi Supreme Court. Under MISS. R. APP. P. 17(b), review in the Mississippi Supreme Court of a decision of the Court of Appeals requires a party to first file a motion of rehearing in the Court of Appeals, and under MISS. R. APP. P. 40(a), the party has only 14 days to file such a motion. By our reckoning, Crowell's federal suit was untimely even if an additional 14 days are added to the tolled period.

Crowell also argues that the principle of comity requires that his § 2254 petition be considered timely and that the district court violated his due process rights by dismissing his application as time-barred. Although Crowell raised these issues in his COA motion, because a COA was not granted on these issues, they will not be addressed. See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

AFFIRMED.