¶ 1. Ronald Rogers pled guilty to a charge of grand larceny and was given a five year suspended sentence with three years' probation. He subsequently violated the terms of his probation. Probation was revoked and he was ordered to begin serving his sentence. Months later Rogers filed a motion for reconsideration and it was denied. Rogers appeals. We conclude that regardless of whether the trial court had authority to consider the motion, there is no appeal from the revocation of probation. Therefore, we dismiss this appeal. Rogers' available remedy is the post-conviction relief process. *Page 1288 
 STATEMENT OF FACTS
¶ 2. Ronald Rogers pled guilty to the charge of grand larceny on February 29, 2000. Rogers was to pay restitution and costs and was sentenced to a five year prison term. This sentence was suspended and Rogers was placed on three years' post-release supervision. Upon Rogers' subsequent arrest for shoplifting, his probation was revoked in May, 2001. Four months later, Rogers submitted a letter to the circuit court clerk requesting assistance. The lower court reviewed the letter, characterizing it as a motion for reconsideration of Rogers' probation revocation. The court then denied the motion for lack of subject-matter jurisdiction. Rogers appealed.
 DISCUSSION
¶ 3. First, we must consider whether the letter was properly before the circuit court. The trial court found that in substance, if not in form, the letter operated as a motion for reconsideration of the revocation of probation. The court then denied the motion, holding that it lacked subject-matter jurisdiction. Rogers' brief expressly disavows the lower court's characterization of the letter as such a motion. Rogers' letter, whatever it was, was sent four months after the court's revocation.
¶ 4. One timing rule is found in the Uniform Circuit and County Court Rules. "A motion for a new trial must be made within ten days of the entry of judgment." URCCC 10.05 (1995). Rogers' motion for reconsideration is not explicitly within that rule. However, in a civil case, "a Motion for Reconsideration is treated as a motion to amend judgment . . . and must be filed within ten days from the entry of the judgment sought to be amended." Byrd v. Biloxi Regional Medical Center,722 So.2d 166, 168 (¶ 12) (Miss.Ct.App. 1998). Though Rogers' motion is offered in the criminal setting, we can at least consider civil case analogues.
¶ 5. The Supreme Court has examined timing issues for criminal defendants for judgments notwithstanding the verdict. McGraw v. State,688 So.2d 764 (Miss. 1997). There, the court recognized that motions for new trial in civil and criminal cases and motions for judgments notwithstanding the verdict in civil cases were all subject to ten day time limits. Id. at 770. Perhaps Rogers' motion for reconsideration would have been proper if filed within ten days of the order.
¶ 6. There is also precedent that a circuit judge retains jurisdiction to amend a criminal sentence if the motion is made before the end of the term in which sentence was announced. Bell v. State,759 So.2d 1111, 1115 (¶ 19) (Miss. 1999). That is not especially relevant except by analogy.
¶ 7. These issues of whether the trial court had authority to reconsider the revocation ultimately do not determine the outcome of the case. Regardless of the trial judge's discretion, and we found no clear grant of such authority, his reconsideration of revocation is not appealable since revocation itself is not appealable. Beasley v. State,795 So.2d 539, 540 (Miss. 2001). There is, in other words, no direct appeal of the revocation of probation, or by extension the denial of reconsideration of revocation. The post-conviction relief statutes are the proper avenue for presenting the claims.
 (1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims: . . .
 (g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody; . . . may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.
Id. at 540-41, quoting Miss. Code Ann. § 99-39-5(1) (Supp. 2001). We dismiss. *Page 1289 
¶ 8. THE APPEAL FROM THE ORDER OF THE CIRCUIT COURT OF THE FIRSTJUDICIAL DISTRICT OF HARRISON COUNTY DENYING DEFENDANT'S MOTION FORRECONSIDERATION IS DISMISSED. COSTS OF THIS APPEAL ARE ASSESSED TOHARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS,CHANDLER AND BRANTLEY, JJ., CONCUR.