GRIFFIS, J., for the court.
¶ 1. On September 21, 1995, Eric Jermaine Thomas was indicted for the crime of aggravated assault for shooting Jason Evans with a handgun. On February 12, 1996, Thomas pled guilty and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). The Circuit Court of Stone County suspended the execution of his sentence, and Thomas was placed in the Regimented Inmate Discipline Program (RID).
¶ 2. Due to the nature of his offense, however, Thomas was removed from RID and placed in the general prison population. On June 3, 1996, Thomas filed a motion to reconsider sentence and the circuit court re-sentenced him to a twenty year suspended sentence and placed him on probation for five, years.
¶ 3. On July 8, 2000, a petition to revoke probation was filed based on Thomas’s June 20, 2000 arrest for possession of co *752 caine.[1] On November 6, 2000, the Honorable John H. Whitfield, Stone County Circuit Judge, found sufficient evidence to revoke Thomas’s probation and imposed the original sentence of twenty years. On November 9, 2000, Judge Whitfield considered a motion to reconsider the revocation of probation. At the hearing, Judge Whitfield concluded “I’ll take the matter under advisement. I’ll make a ruling at some time in the future ... He’ll remain in custody pending my ruling.”
¶ 4. On November 22, 2000, Thomas was indicted for possession of cocaine. Based on the indictment, the Stone County District Attorney filed a motion to revoke Thomas’s bond pending disposition of his probationary status and the outcome of the cocaine possession trial. In January 2001, a hearing was held on the motion to revoke Thomas’s bond before the Honorable Robert H. Walker, Stone County Circuit Judge. Judge Walker concluded that Thomas was a danger to the community and ordered that no bond be set on the possession charge.
¶ 5. In May of 2001, Thomas filed a motion to dismiss the cocaine possession charge. At a hearing before the Honorable Kosta N. Vlahos, Thomas asserted that the revocation of bond hearing coupled with revocation of probation hearing constituted double jeopardy. Judge Vla-hos denied the motion to dismiss.
¶ 6. On July 18, 2001, Thomas was tried before the Honorable Jerry O. Terry, Sr., and the jury found Thomas guilty of possession of cocaine. Judge Terry sentenced Thomas to serve a term of three years in the custody of the MDOC. Judge Terry simultaneously ruled that Thomas had violated the terms of his probation, revoked his probation and sentenced him to serve the original term of twenty years, with the sentences to run consecutively.
¶ 7. On July 24, 2001, Thomas filed a motion for new trial or, in the alternative, for a judgment notwithstanding the verdict, which was denied. Thomas appealed his conviction for possession of cocaine and the revocation of probation. Upon consolidation of these appeals, we find no error and affirm.
DISCUSSION
¶ 8. Thomas asserts that (1) the court erred in revoking his suspended sentence and not dismissing the drug possession charges on grounds of double jeopardy; (2) the court erred in revoking his probation without notice and hearing; (3) his sentence exceeds the statutory maximum; and (4) revoking his suspended sentence was clear error. Thomas’s first issue will be examined in depth; however, finding the second, third and fourth issues deal with essentially the same legal principles, they will be combined into one issue.
I. WHETHER THE TRIAL JUDGE ERRED WHEN HE REVOKED BOND AND PROBATION BECAUSE IT VIOLATED THE PROHIBITION AGAINST DOUBLE JEOPARDY.
¶ 9. The Double Jeopardy Clause, contained in the Fifth Amendment of the United States Constitution, is applicable to the states through the Due Process Clause of the Fourteenth Amendment. Cook v. State, 671 So.2d 1327, 1331 (Miss.1996). In essence, the Fifth Amendment does not allow an individual to be twice put in jeopardy of life or limb for the same offense. Id.
*753 ¶ 10. Thomas argues that the trial court erred in denying his motion for a new trial and should have dismissed the case based on double jeopardy. First, Thomas contends that he was twice placed in jeopardy because the court used the same facts to revoke his bond, which were presented previously at his revocation hearing. Therefore, Thomas asserts that the possession of cocaine charges should have been dismissed because it violated his protection against double jeopardy.
¶ 11. Next, Thomas contends that, since the court previously ruled not to revoke his probation upon his initial charge of cocaine possession, the court could not subsequently reinstate his suspended sentence after his conviction on the possession of cocaine charge. Thomas argues this amounted to successive punishment for the same offense. Thomas primarily relies on the cases of United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
¶ 12. In Dixon, the United States Supreme Court considered two cases to determine whether the double jeopardy clause was applicable. While awaiting trial, Dixon was placed on a conditional release which prohibited any further violations of the law. Dixon, 509 U.S. at 688, 113 S.Ct. 2849. If Dixon violated this condition, he would be subject to not only a revocation of release and order of detention, but also prosecution for contempt under D.C.Code Ann. §§ 23-1329(a). Id at 688, 113 S.Ct. 2849. The D.C. statute allowed for contempt sanctions after expedited proceedings without a jury and in accordance with principles applicable to proceedings for criminal contempt. Id. Subsequent to his release, Dixon was arrested for possession of cocaine with intent to distribute. Id. A criminal contempt hearing was held and the court found Dixon guilty of criminal contempt, sentencing him to 180 days in prison. Id. at 691-92, 113 S.Ct. 2849. His indictment for possession of cocaine was later dismissed on double jeopardy grounds since the crime violating the condition of release was the same as the crime. Id.
¶ 13. In its opinion in Dixon, the court held that it is well established that a criminal contempt charge which is enforced in a nonsummary proceeding is a “crime in the ordinary sense.” Id. at 696, 113 S.Ct. 2849. The court then relied on the “same elements” test, sometimes referred to as the “Blockburger ” test, which requires a court to inquire whether each offense required an element not found in the other. If not, the crimes are considered the “same offense” and the double jeopardy clause bars successive prosecutions and punishments. Id. The court noted that “the crime of violating a condition of release” could not be “abstracted from the element of the violated condition; therefore it was double jeopardy to prosecute Dixon for the crime of possession of cocaine.” Id. at 698-99, 113 S.Ct. 2849. For reasons discussed below, we conclude Dixon is not applicable.
¶ 14. The Mississippi Supreme Court and this Court have previously held that a petition to revoke probation or to revoke suspension of a sentence is not a criminal case and not a trial on the merits of the case. Therefore, double jeopardy protection does not apply to such hearings. See Lightsey v. State, 493 So.2d 375, 377-78 (Miss.1986); Ray v. State, 229 So.2d 579, 581 (Miss.1969); Cooper v. State, 737 So.2d 1042, 1045 (¶¶ 14-15) (Miss.App.Ct.1999).
¶ 15. In Showery v. Samaniego, 814 F.2d 200, 202 (5th Cir.1987), the Fifth Circuit held that the revocation of an appellate bond was equivalent to the noncriminal nature of parole and probation *754 revocation hearings. The court explained that:
[E]ven though the alleged basis for bond revocation is the commission of a subsequent offense, the proceedings are not designed to obtain a conviction for the violation of that offense. They are designed to assess the propriety of allowing the defendant, who has already been convicted and sentenced on a separate charge, to remain free on bond. Such proceedings are not “essentially criminal.”
Id. at 203. The Fifth Circuit held that there was no double jeopardy violation. Id. at 204.
¶ 16. In this case, the bond revoked was not that of an appellate bond. Therefore, there had been no subsequent conviction and sentence, only an indictment. However, we find the same logic applicable. Additionally, as in Lightsey, Thomas failed to show he was previously convicted of the crime of possession of cocaine when the trial judge revoked his bond. Lightsey, 493 So.2d at 377-78. Accordingly, no further analysis of the “same elements” test is required.
¶ 17. Moreover, Thomas has offered no authority to support his contention that jeopardy attaches at probation and bail revocation hearings. Further, Judge Whitfield’s November 9, 2000 decision to reconsider the revocation of probation did not amount to a judicial determination that would deny the prosecution’s petition to revoke probation. Indeed, Judge Whitfield concluded “I’ll take the matter under advisement. I’ll make a ruling at some time in the future ... He’ll remain in custody pending my ruling.” The subsequent consideration of the petition to revoke probation, after the jury verdict, was not sufficient to invoke the protection of the Double Jeopardy Clause. Accordingly, this Court concludes that Thomas did not suffer a double jeopardy violation under either the federal or state constitution. We find this issue to be without merit.
II. WHETHER THE TRIAL JUDGE ERRED BY REVOKING HIS PROBATION AND SUSPENDED SENTENCE WITHOUT NOTICE AND HEARING AND EXCEEDED THE STATUTORY MAXIMUM IN HIS SENTENCE.
¶ 18. Thomas next asserts that his probation was revoked without notice or hearing and that his sentence exceeded the statutory maximum for three reasons. First, he claims the court erred when it sentenced him to the statutory maximum of twenty years in addition to the time Thomas had already served. Second, Thomas claims the court imposed a sentence that exceeded the statutory maximum when it ordered that Thomas’s probation would not be terminated until he had paid all of the restitution ordered by the court. Finally, Thomas claims the court summarily revoked his probation before a petition to revoke had been filed.
¶ 19. Each of these claims addresses errors by the trial court when it revoked Thomas’s suspended sentence. An order revoking a suspension of sentence or revoking probation is not appeal-able. Beasley v. State, 795 So.2d 539, 540(¶ 6) (Miss.2001) (citing Griffin v. State, 382 So.2d 289, 290 (Miss.1980)). In Beasley, the supreme court further stated the following:
This Court is reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal; however, the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved.
*755 Beasley, 795 So.2d at 540(¶ 6) quoting Pipkin v. State, 292 So.2d 181, 182 (Miss.1974).
¶ 20. Thomas is not without a remedy. He may pursue his claims under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 to 99-39-29 (Rev.2000 & Supp.2002). Miss.Code Ann. § 99-39-5(1) (Supp.2002) states in pertinent part as follows:
(1) Any prisoner in custody under sentence of a court of record of the State of
Mississippi who claims:
(g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.
This is the proper course of action for Thomas to pursue. Therefore, we decline considering these issues.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE (COCAINE) AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY WITH THE SENTENCE IN STONE COUNTY CAUSE NO. 1871 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO STONE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.

. Thomas had two prior revocation hearings where Judge Whitfield allowed him to remain on probation.