878 So.2d 252 (2004)
Ronnie Lee MASSINGILLE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01260-COA.
Court of Appeals of Mississippi.
July 13, 2004.
*253 Ronnie Lee Massingille, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Ronnie Lee Massingille's probation was revoked. He filed a motion to reconsider, alter or amend that judgment, but the motion was denied. He has sought to appeal from the judgment, but there is no right to appeal from a revocation of probation. We dismiss the appeal.
¶ 2. In 2001, Massingille pled guilty to the charge of being a felon in possession of a firearm and possession of marijuana with intent to distribute. He was sentenced to serve three years for each charge under the supervision of the Mississippi Department of Corrections, with the sentences to be served concurrently. He was given credit for time that he served in confinement prior to his guilty plea and sentencing. The remaining portion of the sentences was suspended. Massingille was then placed on post-release supervision for the period of suspension.
¶ 3. Less than a year after sentencing, a petition to revoke Massingille's post-release supervision was filed. The circuit judge entered a revocation order, and sentenced Massingille to serve the remainder of his original sentence. Eleven months after the revocation and new sentence were announced, Massingille filed for a correction of his sentence. He mentions specific dates of incarceration that he served, and claims that the sentence he must now serve needs to be recomputed. In his pleadings, he attached evidence that the Department of Corrections had reviewed his complaint and found that his sentence was properly calculated.
¶ 4. In his petition, Massingille stated that after revocation, he filed with the Supreme Court for a writ of habeas corpus. According to Massingille's petition, the Supreme Court informed him that he should file for post-conviction relief. His petition then states that his original and a later amended complaint for such relief were denied by the circuit judge in November 2002, and he then appealed from that denial. We find in our clerk's records three appeals by Massingille in 2002 and 2003. Perhaps one or more of those are appeals in the post-conviction relief proceedings.
¶ 5. The basis of Massingille's latest complaint was that the credit that he received for his prior incarceration was improperly computed. The circuit court denied the motion to alter the earlier judgment. It is from that denial that Massingille has appealed.

DISCUSSION
¶ 6. We first state what this case is not. This is not an appeal from the denial of post-conviction relief. Massingille alleges that after revocation of the supervision to which he had been sentenced in 2001, he filed for post-conviction relief from that revocation and then appealed its denial. Instead, Massingille is now appealing from the denial of a motion to alter the judgment of revocation. The motion for relief was filed well more than a year after the revocation order.
*254 ¶ 7. Orders revoking probation cannot be appealed, and instead, complaints about the revocation may be made in proceedings for post-conviction relief. Beasley v. State, 795 So.2d 539, 540 (Miss.2001). Massingille's status was one of "post-release supervision," a status much like probation. Miss.Code Ann. § 47-7-34 (Supp.2003). The procedures for terminating such supervision are the same as the procedures for the revocation of probation. Miss.Code Ann. § 47-7-34(2) (Supp.2003). Because the revocation of post-release supervision follows the same procedure as for revocation of probation, it too may not be directly appealed. Since the original revocation order may not be appealed, neither may the denial of a motion to reconsider that revocation. Rogers v. State, 829 So.2d 1287, 1288 (Miss.Ct.App.2002).
¶ 8. THE APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS DISMISSED. COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.