952 So.2d 1039 (2007)
Anthony SWIFT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00322-COA.
Court of Appeals of Mississippi.
March 27, 2007.
Anthony Swift, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Anthony Swift appeals from the denial of a motion for reconsideration, which he filed in the Circuit Court of Clay County after having his probation revoked. Because there is no right to appeal from a revocation of probation, we dismiss the appeal without prejudice.

FACTS
¶ 2. On April 8, 2005, Swift, a convicted felon on probation, was indicted by a Clay County grand jury for three counts of the sale of cocaine. After conducting a revocation hearing, on November 22, 2005, the Circuit Court of Clay revoked Swift's probation. On December 8, 2005, Swift filed a pro se motion for reconsideration, which the circuit court treated as a motion for post-conviction relief and denied on January 20, 2006. Aggrieved by the court's decision, Swift appeals pro se. He asserts the following issues for this Court's review:
I. Whether the trial court erred in revoking Swift's probation after it was proven that law enforcement agents violated their protocol by not searching the confidential informant before the investigation.

*1040 II. Whether the trial court erred in revoking Swift's probation during a vacation term of court when the trial court had previously ruled that no revocation hearing would be conducted until after trial was held in the matter.
III. Whether Swift was denied due process of law when the trial court revoked his probation without issuing findings of fact as to evidence relied on and reasons for revoking probation.
IV. Whether the State should have been allowed to use a court order to allow Brenda Weaver to work as a confidential informant in violation of the Anti-Peonage Act of 1864.
V. Whether the trial court erred when it allowed the State to amend the indictment from sale of cocaine to possession of cocaine in violation of article 3, section 27 of the Mississippi Constitution.

ISSUES AND ANALYSIS
¶ 3. Although the circuit court referred to Swift's motion for reconsideration as a post-conviction matter, this is not an appeal from the denial of a motion for post-conviction relief. Swift's motion for reconsideration was labeled as a motion for reconsideration and requested that the circuit court reconsider his probation revocation; his motion made no mention of post-conviction relief. Thus, Swift is now appealing from the denial of a motion for reconsideration, not the denial of post-conviction relief.
¶ 4. An order revoking probation is not appealable; instead, the proper venue for complaints about probation revocation is a motion for post-conviction relief. Massingille v. State, 878 So.2d 252, 254(¶ 7) (Miss.Ct.App.2004) (citing Beasley v. State, 795 So.2d 539, 540(¶ 6) (Miss. 2001)). Although we are "reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal . . . the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved." Beasley, 795 So.2d at 540(¶ 6) (quoting Pipkin v. State, 292 So.2d 181, 182 (Miss. 1974)). Because we find that Swift attempts to appeal an unappealable order, his appeal is dismissed without prejudice.
¶ 5. THE APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.