966 So.2d 1266 (2007)
Derrick Darnell PAYNE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01713-COA.
Court of Appeals of Mississippi.
October 23, 2007.
*1267 David Clay Vanderburg, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
BARNES, J., for the Court.
¶ 1. Derrick Darnell Payne appeals the order revoking suspension of his twenty-year sentence for manslaughter and the denial of his motion for reconsideration of this order. We dismiss Payne's appeal for lack of jurisdiction.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In January 1993, Derrick Darnell Payne pleaded guilty to manslaughter in the Circuit Court of Desoto County. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC), with this sentence to run consecutively to the sentence imposed in another matter. However, the trial judge suspended the twenty-year sentence pending Payne's future good behavior. Payne was released from MDOC custody in September 2002.
¶ 3. In July 2005, a federal grand jury indicted Payne for the crimes of armed bank robbery, using a firearm during the commission of a violent crime, and possession of a firearm by a felon.[1] On March 2, 2006, Payne was also charged with the kidnaping and capital murder of Reginald Walls. Subsequently, on April 17, 2006, the State filed a petition to revoke Payne's suspended sentence as Payne had violated the good behavior conditions on his probationary sentence by failing to pay assessments and by committing the new crimes of capital murder and kidnaping. On May 30, 2006, the State filed an amended petition, adding the three-count indictment in *1268 federal court in July 2005 as a violation of good behavior.
¶ 4. A revocation hearing was held on August 23, 2006. Two investigators testified: Larry Pigues, a special agent with the Federal Bureau of Investigation, and Allen Thompson, a former lieutenant with the Mississippi Bureau of Investigation. Pigues testified, over the continuing hearsay objection of defense counsel, about the investigation of the bank robbery. Pigues was also questioned about the defendant's wife, Lakentra Payne, and information she provided during the investigation regarding the bank robbery. Defense counsel objected to this testimony pursuant to Mississippi Rules of Evidence 601(a), regarding spousal competency as a witness, and Mississippi Rule of Evidence 504(b), dealing with the husband/wife privilege.[2] The trial judge overruled the objections, stating that the Mississippi Rules of Evidence are not applicable in revocation proceedings. However, Pigues did not testify any further about information Lakentra provided regarding the bank robbery. Next, Thompson testified about his investigation of the death of Reginald Walls and that Payne and his wife were charged with this crime. Thompson testified that Lakentra gave a description of the general area where Walls's body was eventually found.
¶ 5. At the end of the revocation hearing, the judge found Payne's suspended sentence should be revoked. The judge reasoned that the good behavior provision in Payne's sentence put Payne on notice not to commit any further crimes, and that if he did, his suspended sentence would be revoked. The judge corrected his rulings on defense counsel's objections, stating that although the Rules of Evidence are not applicable in a revocation proceeding, the privileges contained in the Rules of Evidence are applicable. Therefore, the judge emphasized that his findings would not include testimony based upon information given by Payne's wife, Lakentra, as such would be considered privileged. The judge based his findings on the testimony regarding the three charges pending in federal court at that time, which were only subject to a hearsay objection. The judge stressed that he made no findings based on the allegations of capital murder and kidnaping of Walls, where the majority of the evidence came from statements made by Payne's wife, and which would be inadmissible under the spousal privilege rule. Payne's counsel asked the judge if his client was found not guilty on the federal bank robbery charges, would the revocation proceedings be dismissed. The judge responded that Payne's avenue of relief would then be a petition for post-conviction relief.
¶ 6. The court entered an order on August 23, 2006, revoking the suspension of Payne's entire twenty-year suspended sentence. On August 30, 2006, a federal jury found Payne not guilty of all three federal crimes and issued a judgment of acquittal. Payne filed a motion to reconsider the sentence revocation on September 5, 2006. On September 20, 2006, the circuit court issued an order denying and overruling Payne's motion to reconsider the sentence revocation, finding it was without jurisdiction "to review matters outside the term of court," which ended August 25, 2006. Payne subsequently appeals both the order revoking the suspension of his sentence and the order denying his motion to *1269 reconsider. We dismiss Payne's appeal for lack of jurisdiction, finding, as the trial court did, that the correct vehicle for Payne's request is a petition for post-conviction relief.

STANDARD OF REVIEW
¶ 7. Jurisdictional matters are a question of law, thus the standard of review is de novo. Edwards v. Booker, 796 So.2d 991, 994(¶ 9) (Miss.2001).

ANALYSIS
¶ 8. Payne raises three issues: (1) whether the trial court erred in revoking the suspension of Payne's sentence, (2) whether the trial court erred in not reconsidering the revocation of Payne's suspension once Payne was acquitted of the three federal charges, and (3) whether the trial court erred in allowing testimony of investigators Larry Pigues and Alan Thompson.
¶ 9. We find the appeal of neither order is properly before this Court.
¶ 10. As for Payne's appeal of the trial court's order revoking the suspension of his twenty-year sentence after he was acquitted in federal court of the bank robbery charges, the correct vehicle for legal redress is a petition for post-conviction relief, not a direct appeal of the revocation. The Mississippi Supreme Court has recognized that "an order revoking a suspension of sentence or revoking probation is not appealable." Beasley v. State, 795 So.2d 539, 540(¶ 6) (Miss.2001) (quoting Griffin v. State, 382 So.2d 289, 290 (Miss.1980)). Payne may pursue a remedy through the Mississippi Uniform Post-Conviction Collateral Relief Act, pursuant to Mississippi Code Annotated section 99-39-1 to-29 (Rev.2000, Supp.2006). See id.
¶ 11. Regarding the denial of Payne's motion to reconsider, the trial court found it lacked jurisdiction as the circuit court term had ended on August 25, 2006, and Payne filed his motion on September 5, 2006. "[I]n the absence of a statute authorizing a modification of a sentence, `once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment.'" Presley v. State, 792 So.2d 950, 954(¶ 18) (Miss.2001) (citing Harrigill v. State, 403 So.2d 867, 868-69 (Miss.1981)). We find the circuit court and hence our Court are without jurisdiction. Accordingly, we dismiss this appeal.
¶ 12. THE APPEAL FROM THE CIRCUIT COURT OF DESOTO COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The State initially had issued these charges against Payne, and he pleaded not guilty. At trial, there was a hung jury which resulted in a mistrial. The State decided not to retry the case.
[2] Rule 601(a) states "in all instances where one spouse is a party litigant the other spouse shall not be competent as a witness without the consent of both," except as provided otherwise. Rule 504(b) states "[i]n any proceeding, civil or criminal, a person has a privilege to prevent that person's spouse . . . from testifying as to any confidential communication between that person and that person's spouse."