CARLTON, J.,
for the Court:
¶ 1. Keith Havard appeals the order of the George County Circuit Court denying his motion for post-conviction relief (PCR). Aggrieved by the denial, Havard now appeals raising numerous assignments of error. However, because the trial court lacked jurisdiction over Havard’s PCR motion, we vacate the judgment of the trial court and remand this case to the trial court to dismiss for lack of jurisdiction.
FACTS
¶ 2. On November 15, 1999, a jury sitting before the George County Circuit Court found Havard guilty of felony driving under the influence causing death. The trial court sentenced Havard to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with eight years suspended and five years of probation. The Mississippi Supreme Court affirmed Havard’s conviction and sentence on July 31, 2001. See Havard v. State, 800 So.2d 1193 (Miss.Ct.App.2001).
¶ 3. On October 27, 2009, the trial court determined that Havard had violated the conditions of his probation when he possessed alcohol in a dry county and drove under the influence of alcohol. The trial court revoked Havard’s probation and sentenced him to serve six years of his eight-year suspended sentence in the custody of the MDOC, with the remaining two years to be served on post-release supervision. Havard subsequently filed a motion for post-conviction relief (PCR), which the trial court denied. Aggrieved, Havard appeals.
STANDARD OF REVIEW
¶ 4. “Jurisdictional matters are a question of law[;] thus[,] the standard of review is de novo.” Payne v. State, 966 So.2d 1266, 1269 (¶ 7) (Miss.Ct.App.2007) (citing Edwards v. Booker, 796 So.2d 991, 994 (¶ 9) (Miss.2001)).
DISCUSSION
¶ 5. “The Mississippi Supreme Court has recognized that ‘an order revoking a suspension of sentence or revoking probation is not appealable.’ ” Id. at (¶ 10) (quoting Beasley v. State, 795 So.2d 539, 540 (¶6) (Miss.2001)). However, Havard may pursue remedy through the Mississippi Uniform Post-Conviction Collateral Relief Act, pursuant to Mississippi Code Annotated section 99-39-1 to -29 (Rev.2007; Supp. 2011). See Miss.Code Ann. § 99-39-5(l)(h) (Supp.2011). See also Payne, 966 So.2d at 1269 (¶ 10); Rogers v. State, 829 So.2d 1287, 1288 (¶7) (Miss.Ct.App.2002) (“There is, in other words, no direct appeal of the revocation of probation, or by extension the denial of reconsideration of revocation. The post-convietion[-]relief statutes are the proper avenue for presenting the claims.”).
¶ 6. Pursuant to Mississippi Code Annotated section 99-39-7 (Supp.2011), because the Mississippi Supreme Court affirmed Havard’s conviction and sentence for felony driving under the influence causing death on direct appeal, Havard was required to seek and obtain permission from the supreme court before he could properly pursue a PCR motion in the trial court. The statute reads, in pertinent part, as follows:
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Jus *454 tices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.
Miss.Code Ann. § 99-39-7. See Willie v. State, 69 So.3d 42, 44 (¶ 6) (Miss.Ct.App.2011). The record before this Court, however, fails to include any request from Havard to the supreme court for permission to pursue his PCR motion in the trial court, much less an order from the supreme court granting such permission. This Court has held “as to post-conviction-relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in [Mississippi Code Annotated] section 99 — 39—27[,] Leave to Proceed in Trial Court[,] deprives the circuit court — and, necessarily, this Court — of authority to reach the merits of the motion.” Id. at (¶ 7) (quoting Epps v. State, 837 So.2d 243, 245 (¶ 6) (Miss.Ct.App.2003)). See Lacey v. State, 29 So.3d 786, 787-88 (¶¶ 7-8) (Miss.Ct.App.2009).
¶ 7. Because Havard failed to comply with the jurisdictional requirements of Mississippi Code Annotated section 99-39-7, the trial court was without jurisdiction to decide Havard’s PCR motion. Therefore, we vacate the judgment of the trial court and remand this case to the trial court to dismiss the PCR motion for lack of jurisdiction.
¶ 8. THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ, CONCUR. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.