# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00817-COA

**JAMES A. SWAIM A/K/A JAMES SWAIM A/K/A JAMES ALLEN SWAIM**    APPELLANT

v.

**STATE OF MISSISSIPPI**    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES A. SWAIM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/13/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.    James Swaim filed a petition for post-conviction relief (PCR) after his parole was revoked under Mississippi Code Annotated section 47-7-27(5) (Rev. 2015). The circuit court summarily dismissed Swaim's PCR petition. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    On May 4, 2009, Swaim was charged with burglary. He pled guilty on October 11, 2010, and was sentenced to serve five years in the custody of the Mississippi Department of Corrections (MDOC) with three years suspended. On August 15, 2011, the State filed a petition to revoke Swaim's probation after Swaim was arrested in June 2011 for driving

under the influence (DUI), leaving the scene of an accident, vehicle pursuit, reckless driving, and driving under suspension. On August 16, 2011, Swaim executed a waiver of his right to a preliminary probation-revocation hearing. On December 19, 2011, the court held a revocation hearing, and Swaim confessed that he had violated the terms of his probation. His probation was revoked, and he was sentenced to serve his original five years in the custody of the MDOC.[1]

¶3.     On March 12, 2012, Swaim was charged with a DUI offense, which was a felony charge because of prior offenses (Count I). He was charged with another felony DUI offense in Count II. The court later passed the charge in Count I to the files. On March 4, 2013, Swaim pled guilty to the charge in Count II and was sentenced to serve five years (with three years suspended), leaving Swaim with two years left to serve, followed by three years of post-release supervision. The court set the sentence to run consecutively with Swaim's October 2010 sentence.

¶4.     On April 4, 2014, Swaim was charged with a DUI offense, which was a felony charge because of prior offenses (Count I). He was also charged with another felony DUI offense in Count II. The court later passed the charge in Count I to the files. Swaim pled guilty to the charge in Count II on May 18, 2015. On October 19, 2015, he was sentenced to serve thirty months in the custody of the MDOC without eligibility of parole or probation. Consequently, on November 30, 2015, his parole was revoked from his March 2013 sentence

---

[1] Swaim was given credit for any and all time served for the October 2010 sentence.

pursuant to Mississippi Code Annotated section 47-7-27(5) (Rev. 2015).[2]

¶5.     On October 7, 2016, Swaim was arrested on another DUI charge.  The State subsequently filed a petition to revoke Swaim's post-release supervision from his March 2013 sentence.  Following a hearing, the court revoked Swaim's post-release supervision, and he was sentenced to his original term of five years (with credit for two years served), leaving three years to serve before serving his October 2015 sentence.

¶6.     On August 8, 2017, Swaim filed a PCR petition.  He filed an amended PCR petition on October 5, 2017, and a second amended PCR petition on November 1, 2017.  After review, the circuit court dismissed Swaim's second amended PCR petition.  Swaim appeals pro se.

## STANDARD OF REVIEW

¶7.     The circuit court may dismiss a PCR petition without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief."  Miss. Code Ann. § 99-39-11(2) (Rev. 2015).  To succeed on appeal, the PCR petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

---

[2] Section 47-7-27(5) states: "An offender convicted of a felony committed while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board."  In his petition, Swaim did not allege or present any evidence that the Mississippi Parole Board was not presented with a certified copy of Swaim's commitment order.

# ANALYSIS

## 1. Mississippi Code Annotated Section 47-7-27(5)

¶8. In his PCR petition, Swaim challenges the constitutionality of Mississippi Code Annotated section 47-7-27(5).[3] Specifically, he claims the statute violated his right to due process. Section 47-7-27(5) read as follows:

> The right of the State of Mississippi to extradite persons and return fugitives from justice, from other states to this state, shall not be impaired by this chapter and shall remain in full force and effect. *An offender convicted of a felony committed while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board.* If an offender is on parole and the offender is convicted of a felony for a crime committed prior to the offender being placed on parole, whether in the State of Mississippi or another state, the offender may have his parole revoked upon presentment of a certified copy of the commitment order to the board.

(Emphasis added).

¶9. Swaim's constitutional challenge is without merit. Our courts have repeatedly held that 47-7-27(5) meets the requirements of due process. *See, e.g.*, *Godsey v. Houston*, 584 So. 2d 389, 393 (Miss. 1991); *Bobkoskie v. State*, 495 So. 2d 497, 500 (Miss. 1986); *Walker v. State*, 35 So. 3d 555, 559 (¶19) (Miss. Ct. App. 2010).

¶10. Swaim also claims that the circuit court incorrectly applied the 2015 version of section 47-7-27 instead of the 2004 version (in effect at the time he was sentenced with parole). More specifically, he alleges that the 2015 version deprived him of notice of the hearing and

---

[3] Section 47-7-27 was amended in 2018. Subsection 5, which is at issue in this case, remains unchanged.

the opportunity to appeal that he would have had under the 2004 version of the statute.[4] *See* Miss. Code Ann. § 47-7-27 (Rev. 2004).

¶11. First, we note that the circuit court applied the correct version of the statute. Section 47-7-27(5) mandates that "[a]n offender *convicted* of a felony committed while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board." *Id*. (emphasis added). Swaim's parole was tied to his March 2013 sentence. While out on parole, Swaim was arrested and later pled guilty as a habitual offender on May 18, 2015. His parole was revoked on November 30, 2015, based on his May 18, 2015 conviction. Second, Swaim's reliance on the language contained in the 2010 version is misplaced. Both versions of the statute contain the same language specified in the 2015 version of Section 47-7-27(5), which mandated that Swaim's parole be revoked following his felony conviction.

### 2. Double Jeopardy

¶12. Swaim also argues that his double jeopardy rights were violated when his parole and post-release supervision were revoked a result of his May 18, 2015 conviction. "The double-jeopardy clause provides three separate protections: '(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for

---

[4] Mississippi Code Annotated section 47-7-27 (Rev. 2004) read, in relevant part: "At the next meeting of the board held after the issuance of a warrant for the retaking of any offender, the board shall be notified thereof; and if the offender shall have been taken into custody, he shall then be given an opportunity to appeal to the board in writing or in person why his parole should not be revoked."

the same offense after conviction, and (3) protection from multiple punishments for the same offense.'" *Cox v. State*, 134 So. 3d 712, 714 (¶8) (Miss. 2014) (quoting *Kelly v. State*, 80 So. 3d 802, 805 (¶10) (Miss. 2012)).

¶13.    Our supreme court and this Court have "held that a petition to revoke probation or to revoke suspension of a sentence is not a criminal case and not a trial on the merits of the case," and therefore double jeopardy does not apply. *Ray v. State*, 229 So. 2d 579, 581 (Miss. 1969); *Thomas v. State*, 845 So. 2d 751, 753 (¶14) (Miss. Ct. App. 2003) (citing *Lightsey v. State*, 493 So. 2d 375, 377-78 (Miss. 1986)); *Cooper v. State*, 737 So. 2d 1042, 1045 (¶¶ 14-15) (Miss. Ct. App. 1999); *see also United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981) (declining "to extend the double jeopardy clause to parole and probation revocation proceedings"). Therefore, Swaim's argument is without merit.

¶14.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**

6