# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00833-COA

**CHARLES J. RUDD A/K/A CHARLES RUDD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2019 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MATTHEW WYATT WALTON |
| | ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | APPEAL DISMISSED - 09/15/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLTON, P.J., FOR THE COURT:**

¶1.   After finding that Charles Rudd violated the terms of his probation, the Madison County Circuit Court entered an order revoking his probation. Rudd filed a motion for reconsideration, which the trial court denied. Rudd now appeals from the trial court's order revoking his probation and the trial court's order denying his motion for reconsideration.

¶2.   An order revoking probation is not appealable; therefore, we dismiss Rudd's appeal without prejudice. *See Beasley v. State*, 795 So. 2d 539, 540 (¶¶5-6) (Miss. 2001).

## FACTS

¶3.   In July 2002, Charles Rudd was convicted of armed robbery. In October 2003, the

trial court sentenced Rudd to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended, and five years of supervised probation.

¶4. On November 26, 2018, Rudd was arrested in Wiggins, Mississippi, and charged with possession of marijuana with intent to distribute, possession of synthetic cannabinoids with intent to distribute, and being a felon in possession of a firearm. At the time of his arrest, Rudd was on probation. As a result of Rudd's arrest, the MDOC initiated proceedings to revoke his probation.

¶5. On March 19, 2019, the trial court held a probation revocation hearing. At the hearing, the trial court heard testimony from Lashonda Griffin, a field officer with the MDOC. Officer Griffin testified that at the time of Rudd's arrest, he was on probation.

¶6. The trial court also heard testimony from Lieutenant Roger Freeman with the Wiggins Police Department. Lieutenant Freeman testified that on November 26, 2018, Officer Christopher Sherrill and Sergeant Trey Reynolds of the Wiggins Police Department conducted a traffic stop. Lieutenant Freeman explained after the officers became suspicious of Rudd's actions, they conducted a search of Rudd's vehicle.[1] During the search, the officers discovered possible marijuana and synthetic marijuana in Rudd's jacket.[2] The officers also discovered two firearms in the vehicle: one .40-caliber firearm "in the center console area of the front seat" and one 9-millimeter pistol "located in the seat pocket behind"

---

[1] Lieutenant Freeman testified that the vehicle was registered to Rudd.

[2] The transcript reflects that at the time of the revocation hearing, the suspected drugs had not been examined by the Mississippi Forensics Laboratory.

Rudd."

¶7.     Lieutenant Freeman also testified that two passengers were in the vehicle with Rudd. Lieutenant Freeman stated that at the time of the search, "the female passenger in the back seat," later identified as LaMonica Burns, claimed the 9-millimeter pistol belonged to her. According to the police report from the incident, Burns "knew of nothing else within the vehicle."

¶8.     During Rudd's cross-examination of Lieutenant Freeman, Rudd sought to introduce into evidence a purported affidavit executed by Burns on January 21, 2019—several months after Rudd's arrest. In the document, Burns claimed that she "owned and had possession of" a "silver and black .40 caliber" pistol and a black 9mm pistol the day before Rudd's arrest. The trial court ruled that it would not accept the document as an exhibit through Lieutenant Freeman because Freeman could not authenticate the signature or the document. The trial judge explained, "I'm not going to admit that into evidence. If [Burns] could be here to testify about that, but . . . there's nobody here to authenticate a signature or to authenticate that document." Rudd did not call Burns as a witness after the State rested.

¶9.     After hearing the evidence presented, the trial court found that Rudd was in violation of the terms and conditions of his probation. As to Rudd's possible marijuana and synthetic marijuana, the trial judge explained that "I really don't have sufficient proof before me to be able to say it's more likely than not that any of those substances are what [the officers] have said." However, as to the firearms found in the vehicle, the trial judge stated that "Mr. Rudd

3

was the driver of the vehicle. [I]t was his vehicle. The gun was found in the center console right beside him." The trial court therefore held that "[u]nder the law, . . . it's more likely than not that he was in constructive possession of a 40-caliber weapon that was in the console."

¶10. On March 19, 2019, the trial court entered an order revoking Rudd's probation based upon the trial court's finding that Rudd violated the terms of his probation by committing the felony of possession of a firearm by a felon. On March 28, 2019, Rudd filed a motion for reconsideration, arguing that the trial court erred by not accepting Burns's affidavit into evidence at the hearing. Rudd also argued that it was the "practice" of the trial court "not to hold a revocation hearing until after the defendant is indicted."

¶11. The trial court entered an order denying Rudd's motion for reconsideration on April 22, 2019. In its order, the trial court explained that it "did not allow an affidavit purportedly made by Burns to be placed into evidence because it had not been properly authenticated." The trial court stated even if it had allowed the affidavit into evidence, the outcome would have been the same. As to Rudd's claim that "the practice of th[e] court [was] not to hold a revocation hearing until after the defendant is indicted," the trial court stated that this contention was "incorrect and misleading."

¶12. Rudd then filed his notice of appeal.

**STANDARD OF REVIEW**

¶13. "Jurisdictional matters are a question of law; thus, the standard of review is de novo."

4

*Havard v. State*, 83 So. 3d 452, 453 (¶4) (Miss. Ct. App. 2012) (quoting *Payne v. State*, 966 So. 2d 1266, 1269 (¶7) (Miss. Ct. App. 2007)).

## DISCUSSION

¶14.     Rudd appeals from the trial court's order revoking his probation and the trial court's order denying his motion for reconsideration.  "The Mississippi Supreme Court has recognized that 'an order . . . revoking probation is not appealable.'" *Payne*, 966 So. 2d at 1269 (¶10) (quoting *Beasley*, 795 So. 2d at 540 (¶6)).  Instead, Rudd "may pursue a remedy through the Mississippi Uniform Post-Conviction Collateral Relief Act."[3]  *Id*.; *see also Massingille v. State*, 878 So. 2d 252, 254 (¶7) (Miss. Ct. App. 2004) ("Orders revoking probation cannot be appealed, and instead, complaints about the revocation may be made in proceedings for post-conviction relief.").  We further recognize that because the trial court's order revoking Rudd's probation is not appealable, the denial of Rudd's motion for reconsideration of that order is also not appealable.  *Massingille*, 878 So. 2d at 254 (¶7).

¶15.     In the present case, Rudd labeled his motion for reconsideration "as a motion for reconsideration and requested that the [trial] court reconsider his probation revocation[.]" *Swift v. State*, 952 So. 2d 1039, 1040 (¶3) (Miss. Ct. App. 2007).  Rudd's "motion made no

---

[3] *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2015) ("Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims: (h) [t]hat his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]").

mention of post-conviction relief." *Id.* Additionally, the trial court's order denying Rudd's motion for reconsideration does not reflect that the trial court treated the motion as one for post-conviction relief. This Court has held:

> Although we are "reluctant to dismiss a proceeding because one seeks the wrong remedy; and a mere misnomer of the procedure should ordinarily not result in a dismissal, the attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved."

*Id.* at (¶4) (quoting *Beasley*, 795 So. 2d at 540 (¶6)). Where a defendant "attempts to appeal an unappealable order," we will dismiss his appeal without prejudice. *Id.*

¶16. Because an order revoking probation is not appealable, we dismiss Rudd's appeal without prejudice.

¶17. **APPEAL DISMISSED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**