CHANDLER, J.,
for the Court.
¶ 1. On June 21, 2002, in the Circuit Court of DeSoto County, Derrick Stone was convicted of grand larceny and theft of a motor vehicle. He appeals asserting that the circuit court erred in: (1) denying his motion for a JNOV or new trial, (2) denying his motion to sever the two crimes for which he was indicted, (3) denying his motion for a mistrial after testimony going to prior bad acts, (4) allowing testimony *1034 concerning his preliminary hearing, and (5) denying a requested circumstantial evidence jury instruction.
FACTS
¶ 2. Sergeant Kimmons Gray with the Hernando Police Department testified that during the night of July 5th, 2001, he was on patrol in downtown Hernando where there had been recent burglaries. He saw lights from a vehicle backing up on the property of Baker and Howell Equipment Company. So, he dimmed his own lights and drove to investigate. He saw three men attempting to detach a trailer from a pickup truck. He approached within thirty feet of them. They appeared to notice his approach, so he turned on his lights which allowed him to observe all three men. The men ran, and Sergeant Eim-mons radioed for assistance.
¶ 3. Officer Brad Chism of the Herpando Police Department testified that he and his police dog assisted in the search for the fleeing men. As they searched, he and the police dog encountered Stone, who was beneath a sheet of tin in the backyard of a mobile home. As the dog approached the sheet of tin, Stone emerged from underneath and struck the dog, and a fight between Stone and the dog ensued. During the fight, Stone attempted to break free of the dog while shouting “I’m not a murderer, I’m just a thief.” Ultimately, Stone was arrested and refused to give any further statement.
¶ 4. Hammond Scott, an employee of Baker and Howell Equipment, testified that the trailer belonged to his employer. Scott testified that it appeared as though someone had attempted to load one of his employer’s tractors onto the trailer, but the trailer had “jackknifed” and become stuck. Kenneth Townsend, the owner of the pickup truck, testified that the truck was stolen from his home in Memphis, Tennessee, sometime after 9:00 p.m. on July 5th, 2001.
1. MOTION FOR A JNOV OR A NEW TRIAL
¶ 5. A motion for JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). A reviewing court must consider as true , all credible evidence consistent with the defendant’s guilt, and the State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. The trial court will not set aside a verdict unless the verdict would constitute an “unconscionable injustice.” Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 6. Stone’s argument that the evidence was insufficient to tie him to the theft of the trailer is obviously without merit. Without Stone’s statement that he was a thief, there is ample evidence to tie him to the crime. Sergeant Gray identified Stone as one of the individuals whom he had seen trying to detach the trailer from the pickup truck, and Scott testified that the trailer belonged to Baker and Powell Equipment, which had not authorized Stone to take it.
¶ 7. However, Stone additionally contends he had not participated in the theft of the truck in Memphis. Stone is correct in asserting that there was no direct evidence to link him to this vehicle theft. However, there was sufficient circumstantial evidence to support the conviction. Stone admitted that he was inside the stolen pickup, but he denied either participating in its theft or noticing that the truck’s steering column was broken to allow it to be driven without the key. This testimony in itself created a jury question as to whether Stone participated in the *1035 theft of the pickup truck. There is no merit to this assignment of error.
2.MOTION TO SEVER
¶ 8. Stone contends that the circuit court erred in denying his motion to sever the counts of grand larceny and auto theft. This contention is not based upon a trial involving multiple defendants. The record is clear that Stone was tried individually. But, Stone contends that the two thefts were unrelated, and no evidence connected him to the theft of the pickup truck.
¶ 9. A multi-count indictment is permissible if the offenses are based on the same act or transaction, or if the offenses are so connected together to constitute a single transaction or occurrence, or if the offenses constitute parts of a common scheme or plan. McCarty v. State, 554 So.2d 909, 914 (Miss.1989). See also Miss.Code Ann. § 99-7-2 (Rev.2000). In this case, the pick-up truck was stolen on the same night that Stone was seen attempting to detach the trailer from the truck’s trailer hitch. The evidence shows a common scheme to obtain a pickup truck with which to steal equipment from Baker and Powell Equipment. There is no merit to this assignment of error.
3.CIRCUMSTANTIAL EVIDENCE INSTRUCTION
¶ 10. Stone contends that the circuit court erred in refusing his proposed circumstantial evidence instruction. A circumstantial evidence instruction is only proper when the State’s evidence supporting a conviction is completely circumstantial. Cheeks v. State, 843 So.2d 87(¶ 18) (Miss.Ct.App.2003). In this case, no such instruction was warranted. Not only did the eyewitness testimony of Sergeant Grey put Stone at the scene of the theft of the trailer, Stone admitted that he was present at the scene of the crime. There is no merit to this assignment of error.
4.FAILURE TO GRANT A MISTRIAL
¶ 11. After Stone was apprised of his right to remain silent, he initially refused to communicate with the police, even to the extent of giving his name and address. During the direct testimony of a police investigator, Lee Hodge, the State asked whether the police were able to discover where Stone resided. Hodge responded, “[TJhey’ve had dealings with him in Ohio, Memphis — .” At that point Stone objected and requested a mistrial. The circuit court heard argument on the motion outside the jury’s hearing. While the circuit court denied the motion for a mistrial, it offered to give a cautionary instruction, which Stone declined. The circuit court also directed the State to elicit the identification of Stone without reference to any other criminal charges or arrests.
¶ 12. If a trial court sustains an objection to impermissible testimony, the decision to grant a mistrial is left to the court’s discretion. Hoops v. State, 681 So.2d 521, 527 (Miss.1996). In this case, Hodge told the circuit court that his testimony of prior “dealings” was in reference to a relative of Stone, who was also arrested in connection with these two crimes, and Hodge learned of Stone’s identity when investigating that other individual. As the circuit court noted, the jury had not explicitly heard testimony as to Stone’s previous charges. Moreover, in his own testimony, Stone testified that he had been in court on other charges. The trial judge did not abuse his discretion in denying the motion for a mistrial. This assignment of error is without merit.
*1036 5. TESTIMONY GOING TO THE PRELIMINARY HEARING
¶ 18. Stone asserts that the circuit court erred in overruling his motion to exclude the testimony of the municipal judge who presided at his initial appearance. Mississippi Rule of Evidence 605 precludes the testimony of a judge in a trial in which the judge is presiding. However, this rule does not preclude a judge’s testimony in subsequent proceedings concerning what occurred in a previous proceeding. Stewart v. Southeast Foods, Inc., 688 So.2d 733, 735 (Miss.1996). Moreover, even assuming that the circuit court should have excluded the testimony, which we do not, no error could have occurred. The State called the municipal judge to buttress testimony of police officers to statements against interest that Stone made. However, at trial, the municipal judge was not able to recall statements that countered Stone’s version of events. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I UNLAWFUL TAKING OF AN AUTOMOBILE AND SENTENCE OF FIVE YEARS; COUNT II GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO COUNT I IS AFFIRMED. DESOTO COUNTY IS ASSESSED ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.