LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On the night of January 17, 2004, Neal and Sherry Haley were entertaining several couples in their home. Kim McTeer, Sherry’s sister, and her husband Lee were present, along with Matthew Azlin and his wife, Karyn. While the couples were inside eating dinner, Sherry looked out the window and saw that the cab of Lee’s truck was illuminated. Kim noticed the light as well, and from the light of the truck, she saw a black male sitting in the passenger’s seat. Kim told the others at the table that there was a man in the truck, and everyone proceeded outside to investigate. When they made it to the truck, the door was ajar and the glove compartment was open, but the man was no longer inside the truck. Neal retrieved a flashlight from his house, and when he flashed the light in his neighbor’s bushes he saw Shun Kenshay January hiding by his neighbor’s truck. As Neal and Lee approached January, January first moved deeper into the neighbor’s carport and then tried to run from the carport, at which point the men apprehended him. Nothing was reported missing from the truck.
¶ 2. January was convicted of burglary of an automobile and sentenced to serve seven years in the custody of the Mississippi Department of Corrections. It is from this conviction that January appeals, arguing the following points of error: (1) the trial court erred in allowing testimony regarding a prior, unrelated incident involving January, (2) the trial court erred in denying January’s motion for a mistrial, and (3) the cumulative errors warrant reversal. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 3. This Court reviews the admission and the exclusion of evidence un *213 der the abuse of discretion standard. Tate v. State, 912 So.2d 919, 924(¶ 9) (Miss. 2005). Similarly, a trial court will not be reversed for failing to grant a motion for a mistrial unless the court has abused its discretion. Pulphus v. State, 782 So.2d 1220, 1223(¶ 10) (Miss.2001).
I. DID THE TRIAL COURT ERR IN ALLOWING TESTIMONY REGARDING JANUARY’S PRESENCE IN THE AREA PRIOR TO THE CRIME?
¶ 4. Officer Jenkins of the Green-ville Police Department responded to the call from the Haleys’ house once January was apprehended. He testified that he immediately recognized January, because he had seen January twenty minutes earlier about three miles from the Haleys’ house. January’s car was parked with its hood raised, on the wrong side of the road, approximately a quarter of a block from a house. Officer Jenkins testified that January was walking around the house “peeking in car windows.”
¶ 5. Officer Jenkins exited his car and approached January, and January told him that he did not take anything from the car. Officer Jenkins patted January down and inspected the area, but nothing else was amiss. Officer Jenkins testified that he told January that “he knew better than that” and that he should go home and not let Officer Jenkins “catch him out there trying to break into any more cars.” According to Officer Jenkins, January’s response was, “Okay, I’m going home.”
¶ 6. Upon seeing January at the Haleys’ house, Officer Jenkins said, “Shun, I just talked to you ... what are you doing?” January replied that he had not taken anything out of the truck.
¶ 7. Prior to trial, January filed a motion in limine to suppress testimony regarding this incident, and the court ruled that, while it would not allow the testimony if the incident had occurred a week prior to the arrest, it would allow the testimony if the evidence at trial showed that the incident occurred reasonably close to the time the burglary occurred at the Haleys’ home. The court reasoned, “I think under the Rules the State is allowed to show motive, intent, plan, design, which I would think that would certainly go to that ... ”.
¶ 8. Mississippi Rule of Evidence 404(b) states:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
¶ 9. Rule 404(b) does not operate in isolation. Regarding its application our supreme court has held that:
[w]here proof of other crimes or acts ... [are] offered into evidence pursuant to Rule 404(b), it is still subjected to the requirement that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.
Flowers v. State, 773 So.2d 309, 318(¶25) (Miss.2000) (citing M.R.E. 403). Furthermore, Rule 403 is an “ultimate filter through which all otherwise admissible evidence must pass.” Jenkins v. State, 507 So.2d 89, 93 (Miss.1987). Thus, prior to admitting Officer Jenkin’s testimony that he stopped January three miles from the Haleys’ neighborhood as he peeked in car windows twenty minutes prior to his arrest, the trial court should have balanced the probative value of the testimony with the possibility that the testimony would prejudice the defense.
*214 ¶ 10. On appeal, January argues that the court committed reversible error in failing to conduct a Rule 403 balancing test on the record. However, such a failure has previously been held as harmless error. See McKee v. State, 791 So.2d 804, 810(¶ 23) (Miss.2001); Sheppard v. State, 910 So.2d 1182, 1187(¶14) (Miss.Ct.App.2005); Brink v. State, 888 So.2d 437, 451(¶ 42) (Miss.Ct.App.2004). “An error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty.” McKee, 791 So.2d at 810(¶ 24) (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 120 (Miss.1999)). “Where the prejudice from an erroneous admission of evidence dims in comparison to other overwhelming evidence, this Court has refused to reverse.” Carter v. State, 722 So.2d 1258, 1262(¶ 14) (Miss.1998).
¶ 11. In the case sub judice, the evidence of January’s guilt was overwhelming as he was spotted inside Lee’s truck and he was discovered immediately thereafter hiding in the Haleys’ neighbor’s dark carport. Furthermore, after Lee, Matt and Neal apprehended him, January told the men, “Y’all got me. Y’all caught me ... I didn’t get anything out of your truck .... y’all got to let me go, because I didn’t get anything out of the truck.” Additionally, the court gave a limiting instruction regarding the testimony to the effect that the testimony may be considered “solely as proof of motive, intent, absence of mistake or accident.” We find no merit to this issue.
II. DID THE TRIAL COURT ERR IN DENYING JANUARY’S MOTION FOR A MISTRIAL?
¶ 12. We review the denial of a motion for a mistrial for-an abuse of discretion. Pulphus, 782 So.2d at 1223(¶ 10). Uniform Circuit and County Court Rule 3.12 provides that the court may declare a mistrial upon motion of any party if there is misconduct on behalf of a party “resulting in a substantial and irreparable prejudice to the movant’s case.”
¶ 13. During the State’s opening arguments, the prosecutor stated:
So, basically, ladies and gentlemen, we believe that the evidence is going to show that the defendant was caught red-handed there at the scene, and he actually confesses on two separate occasions, first, “I didn’t get anything out of the truck,” and then, secondly, up at the police station when he told ■ Anthony Ferguson, “Well, they got me this time.” So I believe—
¶ 14. A this point William Labarre, January’s attorney, objected to the statement that, “They got me this time,” as it implied that January was involved with other crimes with which he may or may not have been charged. Labarre further argued that the statement was not included in Ferguson’s police report; however, the police report is not included in the record on appeal. The trial court sustained the objection and then inquired if Labarre would like a limiting instruction. Labarre replied, “Well, I don’t want to bring any attention [sic].” Labarre then moved for a mistrial, and the motion was denied.
¶ 15. January argues that because the statement was prejudicial enough for the court to sustain his objection, the statement was prejudicial enough to require a mistrial. January is mistaken. Our supreme court has rejected the argument that a defendant is entitled to a mistrial when he refuses the court’s offer of a limiting instruction. See Easter v. State, 878 So.2d 10, 21 (¶¶ 33-35) (Miss.2004). We find no abuse of discretion in refusing to grant the mistrial as there is no indication that the comment resulted in irreparable prejudice to January. This issue is without merit.
*215 III. DO THE CUMULATIVE ERRORS WARRANT A MISTRIAL?
¶ 16. In conclusion, January argues that the cumulative effect of the trial court’s failure to conduct a Rule 403 balancing test, coupled with the State’s statement in opening arguments, deprived January of a fair trial. Having found that January did not suffer prejudice at either instance as previously discussed in this opinion, we find this assignment of error to be without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF BURGLARY OF AN AUTOMOBILE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.