CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Darwin Wells Jr. was indicted for the crime of capital murder in violation of Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006). Following the denial of Wells’s change-of-venue motion, a trial was held in the Jackson County Circuit Court. Wells was convicted of deliberate-design murder and sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Wells filed a motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the trial court denied. Aggrieved, Wells appeals raising the following issues as error: (1) whether he was denied the right to a fair trial when the trial court denied a change of venue and (2) whether he was irreparably and unfairly prejudiced when character evidence of other wrongs, acts, or other unrelated crimes was discussed in front of the jury. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On October 23, 2008, Michael and Linda Porter began traveling from Forrest County to Jackson County to watch Linda’s grandson play in a football game.
 
 [1]
 
 Michael and Linda traveled down Highway 49, took Interstate 10, and ended up on Highway 63. While traveling down Highway 63, Michael and Linda decided to stop at a Conoco station and ask for directions to the football stadium. Michael pulled into the Conoco station, got out of the vehicle, and began to walk toward the
 
 *1205
 
 service station. Linda testified that she noticed three young African American men standing in front of her vehicle. Linda testified she observed that one of the men had a white towel draped over his head. Linda further testified that as Michael was returning to the vehicle, two of the men attacked him. Linda stated that the man with the white towel on his head was not involved in the struggle at that time. Linda testified that Michael finally broke free of the men, entered his car, and shut the door. Then, Linda testified she saw the man with the white towel on his head walking toward the car. Linda stated that she saw him pull out a gun and shoot Michael. Linda testified that because Michael had the car in gear, the car shot then forward down the road after he was shot. Linda testified she attempted to manage the car, eventually running the vehicle into a ditch. She then ran to a house and sought help. Ultimately, Michael died from his injuries.
 

 ¶ 3. On February 6, 2009, Wells was indicted for the crime of capital murder in violation of section 97-3-19(2)(e). On September 17, 2009, Wells filed a motion for change of venue arguing: “The matters involved in this case have been given such extensive publicity through the newspapers, broadcast media, and other forms of communication operating within this County, and in a manner so prejudicial to his interests, that a fair trial by an impartial and unbiased jury cannot be had in this County.”
 
 [2]
 
 On October 2, 2009, after a hearing on Wells’s motion for change of venue, the trial court reset the hearing for October 5, 2009, with the intentions of summoning a number of jurors from the jury impaneled for trial that morning to inquire as to their opinions and their opinions as to the feelings of the community, if any, in regard to the ability of the defendant to obtain a fair trial in Jackson County. After randomly selecting ten jurors from that day’s jury panel list and questioning the jurors accordingly, the trial court denied Wells’s motion for change of venue.
 

 ¶ 4. The trial commenced on October 26, 2009. On the morning of trial, Wells renewed his motion for change of venue, introducing two newspaper articles from The Mississippi Press and The Sun Herald dated October 25 and 26, 2009, to support his motion. Wells also advised the court that the WLOX television station covered the story on the same dates. Again, the trial court denied the renewed motion, subject to renewal later by counsel. The trial court conducted individual voir dire on the issue of media coverage. At the conclusion of the voir dire, Wells introduced additional newspaper articles from The Mississippi Press and The Sun Herald, both dated October 27, 2009, regarding Wells’s trial. Wells then renewed his continuing motion for a change of venue, which the trial court denied. At the conclusion of the trial, the jury convicted Wells of deliberate-design murder. The trial court sentenced Wells to life in the custody of the MDOC. On November 9, 2009, in response to defense counsel’s ore tenus motion for an extension of time within which to file a new trial motion, the trial court granted the motion.
 
 [3]
 
 On December 9, 2009, Wells filed a motion for a JNOV or new trial. After a hearing on April 9, 2010, the trial court entered an order de
 
 *1206
 
 nying Wells’s post-trial motion. Wells filed his notice of appeal on May 6, 2010.
 

 JURISDICTION
 

 ¶ 5. Before we consider Wells’s claims, we must first address the issue of whether this Court possesses the authority to consider today’s appeal due to the trial court’s order granting an extension of time for defense counsel to file a motion for a new trial. Although the State does not raise the issue of appellate jurisdiction, we must analyze this issue to assure that this Court has jurisdiction.
 
 See Boss v. State,
 
 16 So.3d 47, 52 (¶6) (Miss.Ct.App.2009). As to the issue of jurisdiction, this Court has stated:
 

 Rule 4(e) of the Mississippi Rules of Appellate Procedure instructs that a criminal defendant who makes a “timely motion” for a judgment of acquittal notwithstanding the verdict or a motion for new trial, under the Uniform Rules of Circuit and County Court Practice, has thirty days from the entry of the order denying such motion to file his notice of appeal. M.R.A.P. 4(e). In order for the time for notice of appeal to be tolled, the post-trial motion for a new trial must be filed within ten days of the entry of the judgment or order from which appeal is taken.
 
 Williams v. State,
 
 4 So.3d 388, 391 (¶ 8) (Miss.Ct.App.2009);
 
 see also Rogers v. State,
 
 829 So.2d 1287, 1288 (¶ 4) (Miss.Ct.App.2002) (under Rule 10.05 of the Uniform Rules of Circuit and County Court, a motion for a new trial must be filed within ten days of the entry of judgment). While there is no express provision in the Uniform Rules of Circuit and County Court regarding the filing of a motion for a JNOV, the Mississippi Supreme Court has found that a motion for a JNOV, as it relates to a criminal case, is untimely where filed beyond the ten-day limit for a motion for new trial and beyond the term of the court.
 
 McGraw v. State,
 
 688 So.2d 764, 770 (Miss.1997).
 

 Id.
 

 ¶ 6. In the present case, a review of the record shows that Wells was convicted of deliberate-design murder on October 29, 2009. The trial court filed its sentencing order on October 30, 2009. On November 9, 2009, in response to defense counsel’s timely ore tenus motion for an extension of time, the trial court entered an order extending the time in which Wells must file his motion for a new trial to thirty days from November 9, 2009. On December 9, 2009, defense counsel filed a JNOV/new trial motion. After a hearing, the trial court denied the motion on April 9, 2010. Wells’s notice of appeal was filed on May 6, 2010.
 

 ¶ 7. “[W]e find no authority that the circuit court has any discretion to extend time limits for filing a motion for a JNOV or for a new trial. As previously stated, Rule 10.05 requires that a motion for a new trial
 
 must
 
 be made within ten days of the judgment, and in the case of a motion for JNOV, the motion must be made either within the ten days or by the end of the term of court.”
 
 Ross,
 
 16 So.3d at 53 (¶ 7). Defense counsel filed Wells’s JNOV/new trial motion on December 9, 2009, which was past the required time period but within the extended period granted by the trial court.
 
 [4]
 
 Because defense counsel untimely filed a post-trial motion, the thirty-day requirement for filing his notice of appeal began on the date of imposition of
 
 *1207
 
 sentence, October 30, 2009.
 
 See
 
 M.R.A.P. 4(e).
 
 [5]
 
 Wells’s notice of appeal was filed on May 6, 2010. The notice of appeal was not timely filed in accordance with Rule 4(e); however, we acknowledge that defense counsel filed his post-trial motion within the extended time granted by the trial court and filed his notice of appeal within thirty days of the trial court’s denial of his post-trial motion.
 

 ¶ 8. This Court previously has provided:
 

 [U]nder Rule 2(c) of the Mississippi Rules of Appellate Procedure, this Court may suspend the rules in the interest of expediting decision, or for other good cause shown, in cases where the defendant who is convicted, “ ‘through no fault of his own, is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.’ ”
 
 Dorsey v. State,
 
 986 So.2d 1080, 1084 (¶ 12) (Miss.Ct.App.2008) (citation omitted). The Mississippi Supreme Court has stated that: “We may suspend Rules 2 and 4 ‘when justice demands’ to allow an out-of-time appeal in criminal cases.”
 
 McGruder v. State,
 
 886 So.2d 1, 2 (¶ 4) (Miss.2003) (citing
 
 Fair v. State,
 
 571 So.2d 965, 966 (Miss.1990)).
 
 [6]
 

 Ross,
 
 16 So.3d at 53 (¶ 8). In light of the foregoing, jurisprudence, and defense counsel’s reliance upon the trial court’s order of extension, we will address Wells’s assignments of error raised on appeal in the interests of justice.
 

 DISCUSSION
 

 I. CHANGE OF VENUE
 

 ¶ 9. Wells argues the trial court abused its discretion by not granting his requests for a change of venue. Wells contends that due to the large circulation of newspapers and television station broadcasts, a large percentage of the citizens in Jackson County were directly exposed to the prejudicial articles and reporting involving his case. Further, Wells asserts that “[w]hen it is doubtful that a fair and impartial jury can be obtained in the county where a homicide has been committed, an accused on trial for his life ‘is but asking for his rights when he requests a change of venue.’ ”
 
 Fisher v. State,
 
 481 So.2d 203, 216 (Miss.1985) (quoting
 
 Johnson v. State,
 
 476 So.2d 1195, 1210 (Miss.1985)). In response, the State argues the trial court took every effort and precaution to ensure Wells received a fair trial by an impartial jury. Specifically, the State asserts the trial court repeatedly reviewed
 
 *1208
 
 and thoroughly addressed the issue pretrial and conducted an individualized voir dire regarding pretrial publicity as to the potential jurors’ knowledge of the facts and their ability to be unbiased. The State contends the trial court also reviewed the issue post-trial when ruling upon Wells’s post-trial motion.
 

 ¶ 10. “The decision to grant or deny a motion for change of venue is within the discretion of the trial judge.”
 
 McCune v. State,
 
 989 So.2d 310, 316 (¶ 11) (Miss.2008). Appellate courts “will not disturb the ruling of the lower court where the trial judge did not abuse his discretion.”
 
 Id.
 

 ¶ 11. In
 
 McCune,
 
 the Mississippi Supreme Court spoke to the issue of change of venue. The
 
 McCune
 
 court stated:
 

 In
 
 King [v. State,
 
 960 So.2d 413, 429 (¶ 25) (Miss.2007) ], [we] noted that it had:
 

 thoroughly addressed the requirements for change of venue in
 
 Howell v. State,
 
 860 So.2d 704 (Miss.2003):
 

 The right to a fair trial by an impartial jury is guaranteed by both the federal and state constitutions.
 
 Johnson v. State,
 
 476 So.2d 1195, 1208 (Miss.1985) (citing U.S. Const. Amend. VI and Miss. Const, art. 3, § 26). “The accused has a right to a change of venue when it is doubtful that an impartial jury can be obtained.”
 
 Davis v. State,
 
 767 So.2d 986, 993 (Miss.2000) [ (]citing
 
 White v. State,
 
 495 So.2d 1346, 1348 (Miss.1986)[) ] “Upon proper application, there arises a presumption that such sentiment exists; and, the state then bears the burden of rebutting that presumption.”
 
 Johnson,
 
 476 So.2d at 1211.
 

 [We] enumerated “certain elements which, when present would serve as an indicator to the trial court as to when the presumption is irrebuta-ble.”
 
 White,
 
 495 So.2d at 1349. The elements are as follows:
 

 (1) capital cases based on considerations of a heightened standard of review;
 

 (2) crowds threatening violence toward the accused;
 

 (3) an
 
 inordinate amount
 
 of media coverage,
 
 [7]
 
 particularly in cases of:
 

 (a) serious crimes against influential families;
 

 (b) serious crimes against public officials;
 

 (c) serial crimes;
 

 (d) crimes committed by a black defendant upon a white victim;
 

 (e) where there is an inexperienced trial counsel.
 

 Id.; Davis,
 
 767 So.2d at 993-94.
 

 Howell,
 
 860 So.2d at 719.
 

 King,
 
 960 So.2d at 429-30 (emphasis added). Furthermore, “the State can rebut the presumption that the defendant could not receive a fair trial by proving that the trial court impaneled an impartial jury.”
 
 Id.
 
 at 431 (citing
 
 Swann v. State,
 
 806 So.2d 1111, 1116 [ (¶ 19) ] (Miss.2002)).
 

 Id.
 
 at 316-17 (¶ 12).
 

 ¶ 12. After reviewing the record, we find no evidence indicating the trial court
 
 *1209
 
 erred in finding that the jurors were fair and impartial. The record shows that after Wells filed his motion for a change of venue, the trial court held a pretrial hearing where the court randomly selected ten jurors of a jury pool to ascertain the impact, if any, of pretrial publicity upon potential jurors. After questioning the jurors as to their knowledge of Wells’s case, the trial court denied Wells’s motion for a change of venue. In denying Wells’s motion, the trial court stated:
 

 ... I heard nothing from any of the witnesses that would indicate to me that opinions have been formed in such a manner that would deprive the defendant of a fair trial regardless of what the evidence may show. Nor do I find that there exists any rampant or widely held hostile view of the defendant himself personally or any of the young men involved in this particular incident.
 

 [[Image here]]
 

 ... The question is whether I’m confident that the rights of the defendant may be prejudiced by selecting a jury here in Jackson County, and the question is whether there has been any prejudgment, whether any prejudgment has occurred or any opinions formed that would deprive the defendant of a fair trial. I find there is no evidence of any of that. The motion to change venue, I will deny.
 

 The record further shows that the trial court again considered Wells’s renewed motion for change of venue at the beginning of trial, and the trial court again denied the motion.
 

 ¶ 13. With respect to the renewed motion at the beginning of trial, the record reflects that the trial court conducted an individual voir dire at the beginning of trial on the issue of media coverage. At the conclusion of the individual voir dire, Wells renewed his change-of-venue motion, and the trial court denied the motion, as previously explained herein. In denying the motion, the trial court’s findings reflect that the court applied a heightened standard of review of its consideration of the motion since the case was a capital case. The trial court then reviewed the motion in light of the factors to be considered by trial courts in determining whether a change of venue should be granted in order to ensure a fair trial due to pretrial publicity, and the trial court acknowledged the four newspaper articles furnished for the record as exhibits. After considering all of these matters pertinent to the motion, the trial court concluded that an atmosphere of fairness existed and that any jury verdict would be met with fairness in the community. The trial court failed to find that the media coverage or conversation in the community provided a basis, standing alone, to prevent any juror from sitting on the case. The trial court stated that an overwhelming majority of the potential jurors indicated that they could be impartial, and the court found Wells could receive a fair trial. The trial court stated that Wells’s motion for a change of venue should be denied on the grounds of publicity, inordinate publicity, or public hostility toward any of the defendants, and in particular, Wells.
 

 ¶ 14. Lastly, the trial court considered the venue issue again post-trial at the hearing on Wells’s JNOY/new trial motion. In denying Wells’s motion for a JNOV/new trial, the trial court again stated:
 

 In regard to the new trial and issues on appeal, I can imagine that much scrutiny will be given to the change of venue processes. As I recall, motion was heard prior to trial. Random citizens selected from a jury pool were brought in and, based upon their knowledge of the case and what they knew about it, the Court overruled the motion at that
 
 *1210
 
 time and undertook an extensive and thorough voir dire of the jurors during the jury selection process and was as thorough as possible. And there is no doubt in my mind that the fourteen jurors, I believe, that were seated were fair and impartial, and I think the verdict they rendered obviously reflected that, beyond any doubt in my mind. So, for those reasons, your motion will be denied.
 

 ¶ 15. The Mississippi Supreme Court has held that “a motion for a change of venue is not automatically granted in a capital case and is largely a matter within the sound discretion of the trial court.”
 
 Welde v. State,
 
 3 So.3d 113, 118 (¶22) (Miss.2009) (quoting
 
 Davis v. State,
 
 767 So.2d 986, 993 (¶ 15) (Miss.2000)). As evidenced above, the trial court thoroughly reviewed Wells’s requests for a change of venue and ultimately determined that all jurors seated were fair and impartial. After reviewing the record, we find no evidence to the contrary. Accordingly, we find no abuse of discretion in the trial court’s denial of Wells’s motion for change of venue.
 
 See McCune,
 
 989 So.2d at 316 (¶ 11). This issue is without merit.
 

 II. PAST ACTS
 

 ¶ 16. During the direct examination of Officer Terrance Gray, of the Moss Point Police Department, Officer Gray testified that he assisted in the investigation of the shooting that occurred at the Cono-co station on October 23, 2008. Officer Gray testified that he traveled to Wells’s residence, and upon arrival, he received permission from Wells’s grandmother, Addie Wells, to take Wells to the police station for questioning.
 
 [8]
 
 Officer Gray testified that as he was driving Wells to the police station, Wells stated, “Officer, I don’t know why people bringing my name up in this murder. They hate me because of my past.” When the court recessed for lunch, defense counsel objected to the comment as to Wells’s past being allowed in front of the jury and moved for a mistrial.
 

 ¶ 17. The trial court denied Wells’s motion, explaining that the motion was untimely, as no contemporaneous objection was made at the time when the Court could have addressed the situation, and second, Wells’s statement referenced by Officer Gray was “imprecise, unspecific, and certainly ambiguous.” The trial court also offered to direct the jury to disregard the statement, but defense counsel declined the offer.
 
 [9]
 

 See January v. State,
 
 928 So.2d 211, 214 (¶ 15) (Miss.Ct.App.2006) (“Our supreme court has rejected the argument that a defendant is entitled to a mistrial when he refuses the court’s offer of a limiting instruction.”).
 

 ¶ 18. On appeal, Wells argues that the trial court improperly admitted into evidence testimony regarding his prior bad acts by Officer Gray’s testimony that Wells
 
 *1211
 
 had stated: “They hate me because of my past.” Wells argues that the reference to his past acts failed to pass the analysis required by Mississippi Rules of Evidence 403 and 404(b). Further, Wells argues that a possibility existed that the jury improperly inferred that Wells “committed the crime for which he [was] on trial because he is a person who has displayed criminal propensities in the past[,]”
 
 see Watts v. State,
 
 635 So.2d 1364, 1368 (Miss.1994); thus, he argues that this Court should reverse the trial court’s judgment and remand the case for a new trial.
 

 ¶ 19. In response, the State argues that neither a Rule 403 balancing test nor an analysis pursuant to Rule 404(b) applied because not one bad act or wrong was enunciated or elicited by the officer’s testimony revealing Wells’s statement that “They hate me because of my past.” The testimony reflects that the remark was an ambiguous assertion containing no reference to any particular conduct, incident, past bad act, or other particular experience with the “people” referred to in his remark, law enforcement, or others in the community. Further, the State asserts that the trial court offered to instruct the jury to disregard the statement, but Wells chose to forego the option.
 
 See Stone v. State,
 
 867 So.2d 1032, 1035 (¶¶ 11-12) (Miss.Ct.App.2003). The State contends that the court having made the offer and the defense “[h]aving declined the offer, defense counsel cannot now claim error.”
 
 Jones v. State,
 
 481 So.2d 798, 802 (Miss. 1985). The State also argues that if Wells had offered a contemporaneous objection to the statement, the trial court could have immediately addressed the concerns of the defense. The State nonetheless asserts that no corrective action or limiting instruction was necessary despite any concerns alleged by the defense.
 

 ¶ 20. “We review the admission or exclusion of evidence under an abuse of discretion standard of review.”
 
 Madden v. State,
 
 42 So.3d 566, 572 (¶27) (Miss.Ct.App.2010) (citing
 
 Jones v. State,
 
 904 So.2d 149, 152 (¶ 7) (Miss.2005)). Additionally, we recognize that we review a trial court’s denial of a motion for mistrial under an abuse-of-discretion standard of review.
 
 Keys v. State,
 
 909 So.2d 757, 763 (¶ 14) (Miss.Ct.App.2005) (citation omitted). In addressing this issue, we turn to precedent for guidance.
 

 ¶ 21. In
 
 Hancock v. State,
 
 964 So.2d 1167, 1179 (¶¶ 26-27) (Miss.Ct.App.2007), this Court affirmed the trial court’s finding that a witness’s testimony, that the defendant, Don Frederick Hancock Jr., told him that he had gotten his experience robbing banks from his “prior record,” failed to constitute error. This Court stated that the reference to Hancock’s “prior record” contained no reference to any specific pri- or convictions or crimes and was ambiguous at best.
 
 Id.
 
 at (¶ 27). Furthermore, we found that where the testimony briefly referred to another crime, and the testimony was not purposefully elicited to show the defendant’s character, no reversible error occurs.
 
 Id.
 
 (citing
 
 Hobson v. State,
 
 730 So.2d 20, 24 (¶ 10) (Miss.1998)).
 

 ¶ 22. After reviewing the record in the present case, we similarly find no abuse of discretion by the trial court in allowing the testimony at issue into evidence.
 
 See Madden,
 
 42 So.3d at 572 (¶ 27);
 
 Keys,
 
 909 So.2d at 763 (¶ 14). Likewise, we find no abuse of discretion in the trial court’s determination that Officer Gray’s testimony, as to Wells’s statement about people not liking him because of his past, constituted an unspecific and ambiguous remark.
 
 See Hancock,
 
 964 So.2d at 1179 (¶¶ 26-27);
 
 Stone,
 
 867 So.2d at 1035 (¶¶ 11-12). This issue is without merit.
 

 
 *1212
 
 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF DELIBERATE-DESIGN MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . Michael was driving, and Linda was in the passenger seat of the vehicle.
 

 [2]
 

 . On October 2, 2009, Wells filed two affidavits in support of his motion for change of venue.
 

 [3]
 

 . In the order, the trial judge stated that "the time within which the [defendant must file a [mjotion for a [n]ew [tjrial herein is hereby extended to 30 days from this date[,]” November 9, 2009.
 

 [4]
 

 . Further, defense counsel filed the JNOV/ new trial motion outside of the term of court, as the October 2009 term of the Jackson County Circuit Court began on the first Monday of October, October 5, 2009, and ran for eight weeks.
 
 See
 
 State of Mississippi Judiciary Directory and Court Calendar (2009).
 

 [5]
 

 . M.R.A.P. 4(e) provides:
 

 If a defendant makes a timely motion under the Uniform Rules of Circuit and County Court Practice (1) for judgment of acquittal notwithstanding the verdict of the jury, or (2) for a new trial under Rule 10.05, the time for appeal for all parties shall run from the entry of the order denying such motion. Notwithstanding anything in this rule to the contrary, in criminal cases the 30 day period shall run from the date of the denial of any motion contemplated by this subparagraph, or from the date of imposition of sentence, whichever occurs later. A notice of appeal filed after the court announces a decision sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later. Notwithstanding the provisions of Appellate Rule 3(c), a valid notice of appeal is effective to appeal from an order disposing of any of the above motions.
 

 [6]
 

 . “We note that, in a civil case, this Court has no authority to suspend the rules regarding the timely filing of a notice of appeal. We would, therefore, caution counsel not to file requests for extensions of time, which affect the timeliness of appeals, without determining whether the rules authorize the trial judge to grant those requests.”
 
 Ross,
 
 16 So.3d at 53 (¶ 8).
 

 [7]
 

 . Additionally:
 

 [I]n cases where there has been pretrial publicity, the trial judge looks at two factors when evaluating the request for a change of venue.
 
 Holland v. State,
 
 705 So.2d 307, 336 (Miss.1997). "First is the level of adverse publicity, both in extent of coverage and its inflammatory nature. Second is the extent of the effect the publicity had upon the venire persons in the case.”
 
 Id.
 

 McCune,
 
 989 So.2d at 317 (¶ 12) (citing
 
 Gavin v. State,
 
 785 So.2d 1088, 1095 (Miss.Ct.App.2001)).
 

 [8]
 

 . Wells's attorney asserted at the pretrial hearing that Wells was fifteen years old at the time of the offense.
 

 [9]
 

 . Wells filed a pretrial motion to suppress his statements made to law-enforcement officers, which was denied by the trial court. Wells also filed a motion in limine to exclude evidence of his prior bad acts. Specifically, Wells objected to the testimony of Kevin Williams, a school safety officer, who was expected to testify to information regarding Wells being in alternative school. The State explained that Williams received a tip that Wells was the shooter in the incident and relayed the information to the police. The State then conceded that while the police could testify that they received a tip, they could not testify as to the contents of the tip. The State said that they were not planning on calling Williams as a witness due to his testimony being hearsay. The court sustained the motion to the extent that it constituted hearsay.